**SHINNICK v DUNN, Auditor et**

Ohio Appeals, 5th Dist, Muskingum Co

No 563. Decided Dec 1, 1937

Herbert S. Duffy, Atty. Gen., William J. Ford, Columbus, Thomas P. Kearns, Jr., Akron, and Virgil Johnson, Zanesville, for appellants.

Frazier & Holliday, Zanesville, for appellee.

**OPINION**

PER CURIAM:

The rights of the parties in the appeal now before us—involving as it does taxation for the year 1931—must be determined by a construction of certain sections of the act appearing in 114 Ohio Laws, page 714, effective July 6, 1931.

Section 5323 of that Act provides that the term "investments" shall include, among other items, the following:

"Annuities, royalties and other contractual obligations for the periodical payment of money and all contractual and other incorporeal rights of a pecuniary nature whatsoever from which income is or may be derived, however evidenced, excepting (the exceptions have no application to the question now before us).

"All equitable interests, life or other limited estates and annuity interest in any investment hereinbefore described, or in any fund made up of any such investments, wherever located."

Section 5370 of that Act contains this mandatory requirement: "Each person shall return all the taxable property of which he is the owner excepting that required by this section or by the regulations of the commission to be returned for him by a fiduciary; but nothing herein shall be so construed as to authorize any person to omit from

his return of taxable property investments owned or held for his benefit by a fiduciary, or other taxable property so owned or held by a non-resident fiduciary."

This latter section then directs that all taxable property shall be returned by the fiduciaries, when the owner is a minor, insane person, or is an estate of a deceased, or is an estate being administered for creditors.

It further directs that the fiduciary shall return all taxable property, except investments, of a person for whose benefit property is held in trust.

This trust certainly covered "contractual obligations for the periodical payment of money". It certainly involved a contractual right "of a pecuniary nature". While the contract was not of Mrs. Shinnick's making, it was for her benefit. It seems to us clearly to be embraced within the quoted parts of §5323.

Mrs. Shinnick certainly does not come within any of the exceptions mentioned in §5370, which direct that returns be made by the fiduciary. The punctuation of the quoted part of the section shows that the distinction between the cases where the fiduciary is resident and a non-resident applies to "other taxable property" and not to "investments" as the same are designated by the act.

By the amended act effective July 18th, 1933, 115 Ohio Laws 558, §5370 was changed by the inclusion of the words "and not taxed at the source", after the words "owned or held for his benefit by a fiduciary", but that amendment is of no avail to the appellee in the instant proceeding.

It follows that the judgment of the Common Pleas Court will be reversed and an assessment will be ordered on a basis of the income yield equal to 75.09 per cent of the sum of $12,000 received by the appellee in the year 1931, and an entry may be drawn accordingly.

MONTGOMERY, PJ. and SHERICK & LEMERT, JJ., concur.